IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS AREVALO | : | MISCELLANEOUS |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 05-110 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                      **AUGUST 20, 2008**

      Presently before this Court is Plaintiff, Jose Luis Arevalo's (Arevalo) pro se Motion for Summary Judgment filed in connection with his previous pro se Motion for Return of Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g).[1]  For the reasons stated below, this Motion is denied.

**I.      FACTS**

      On July 13, 1999, in connection with an investigation of a large scale marijuana distribution and money laundering operation, U.S. Customs Service Agents in Philadelphia, Pennsylvania, seized the property of several individuals including Arevalo and two other men by the names of John Dugery and George Early.  The agents seized from George Early $459,370 in United States currency together with other personal property, and published notice of its seizure

---

[1]Federal Rule of Criminal Procedure 41(g) provides:

> **Motion to Return Property.**  A person aggrieved by an unlawful search and seizure of property or by deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decided the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

of this property.  (Def.'s Resp. to Mot. For Return of Seized Property, Ex. A.)  Specifically, on May 10, May 17 and May 24, 2000, the government published notice of the seizure in the Philadelphia Daily News.[2]  No claims for return of the seized currency were filed with the U.S. Customs Service within the time required by law.  Therefore, on May 31, 2001, the U.S. Customs Service administratively forfeited the seized currency.  (Def.'s Resp. to Mot. For Return of Seized Property, Ex. B.)

Arevalo and Dugery were prosecuted in the Middle District of Florida for conspiracy to distribute marijuana.[3]  On May 4, 1999, a grand jury in the Middle District of Florida returned an indictment against Arevalo and others charging them with conspiracy to distribute marijuana, in violation of 18 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1956.  United States v. Jose Louis Arevalo, No. 99-CR-158-EAK-1 (M.D. Fla.).  On February 15, 2000, a jury convicted Arevalo of conspiracy to distribute and to possess with intent to distribute 1,000 kilograms or more of marijuana and conspiracy to commit money laundering.  On January 12, 2001, the Court there sentenced Arevalo to a term of 360 months imprisonment and 72 months supervised release.  The conviction and sentence were affirmed by the Eleventh Circuit Court of Appeals.  Arevalo is currently an inmate at the Federal Correctional Institution in Phoenix, Arizona.

---

[2] Also, on May 8, 2000, the United States Customs Service sent written notice of the proposed forfeiture directly to George Early, and his counsel, even though Early abandoned his interest in the property at the time of the seizure.  The U.S. Customs Service also sent notice directly to John Dugery.

[3] Dugery pleaded guilty to Counts One and Two of an Information charging him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).  United States v. Dugery, No. 99-CR-284-EAK (M.D. Fla.).

On June 6, 2005, Arevalo filed a Motion for Return of Seized Property Pursuant to Fed. R. Crim. P. 41(g). According to the Certificate of Service, Arevalo served the Motion on the government on May 30, 2005. In this Motion, Arevalo claimed an interest in the seized currency, and contended that the U.S. Customs Service was aware of his interest at the time of the seizure. (Pl.'s Mot. for Return of Seized Property, at 1.) As a result, he contended that the forfeiture of the currency was void because the government did not provide him with notice of the forfeiture. Id.

The government responded to Arevalo's Motion, arguing that Rule 41(g) did not apply to this proceeding, and that the Motion should have been filed pursuant to Section 983(e) of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"). Pub. L. 106-185, 114 Stat. 202 (2000).[4] Section 983(e) codified the practice of federal courts in exercising equitable jurisdiction to review the merits of a forfeiture matter. CAFRA applies to "any forfeiture proceeding commenced on or after" August 23, 2000, 120 days after CAFRA was signed into law.[5] Section 983(e) set forth the exclusive remedy for challenging a closed administrative forfeiture on the grounds that the claimant did not receive proper notice. 18 U.S.C. § 983(e).

As such, this Court concluded that § 983(e) applied to all forfeitures that were

---

[4] Effective December 1, 2002, the former Rule 41(e) has been renumbered 41(g), with only stylistic changes. See Rule 41, Adv. Comm. Notes, 2002 Amendments. Although the present motion is brought under Rule 41(g), many of the cases cited herein were brought under the predecessor Rule 41(e), and, for purposes of the present motion, the two Rules are used interchangeably.

[5] The effective and applicability provision of § 983 states that "Amendments by Public Law 106-185 are applicable to any forfeiture proceedings commenced on or after the date that is 120 days after April 25, 2000 [August 23, 2000]." See also U.S. v. $100,348, 354 F.3d 1110, 1116 (9th Cir. 2004) (August 23, 2000 was the effective date of CAFRA).

completed prior to August 23, 2000.  Therefore, the Court found that Arevalo's Motion was governed by § 938(e).

Under § 983(e)(B)(3), this Motion had to have been filed within five years after the date of final publication of the forfeiture notice.  Therefore, Arevalo had five years from May 24, 2000 within which to file his Motion for return of the property.  Since the record showed that this Motion was not filed until June 6, 2005, we determined that the Motion was barred by the statute of limitations.

Arevalo appealed this ruling in the Court of Appeals on May 16, 2006. On August 22, 2007, the Third Circuit vacated judgment and remanded the matter back to this Court for further proceedings.  Arevalo v. United States, 238 Fed. Appx. 869,  No. 06-2813, 2007 WL 2381039, at *1 (3d Cir. Aug. 22, 2007).  The Court specifically determined that although Arevalo characterized his Motion as a Rule 41(g) Motion, "when the property in question has already been forfeited, we will construe a Rule 41(g) motion as a civil action in equity."  See also U.S. v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000).

The Court further held that CAFRA, which became effective on August 23, 2000, did not apply in this case because the forfeiture challenged by Arevalo commenced prior to this date. The Court concluded that "regardless of when Arevalo filed his civil action, because the challenged forfeiture proceeding commenced prior to CAFRA's effective date, CAFRA's limitation period does not apply." Arevalo, 238 Fed. Appx. at 870-871.

Additionally, the Court found that pre-CAFRA actions involving the forfeiture of property by the United States without proper notice are subject to a six-year limitation period. See 28 U.S.C. § 2401(a).  The Court held that the earliest time that Arevalo's claim could have

4

accrued was July 13, 1999, when the property was seized. Since his action was filed on May 30, 2005, less than six years later, the Third Circuit determined that the action was barred by the statute of limitations period. Id.

## II. BACKGROUND OF PRESENT MOTION

In its response to Arevalo's Motion for Summary Judgment, the government has set forth the following chronological facts which are undisputed and are verified by the court docket. Although some of the facts are repetitive of procedural facts as outlined above, we have adopted them in their entirety in the interest of clarity and they are set forth below:

    1. On June 6, 2005, Arevalo filed a motion under Fed. R. Crim. P. 41(g) seeking the return of $459,370 in United States currency previously seized by federal agents.

    2. On July 14, 2005, this Court entered an Order directing the government to file its response on or before August 1, 2005.

    3. On July 28, 2005, the government filed a motion seeking an extension of time to respond to the Motion.

    4. On August 5, 2005, this Court granted the motion and ordered the government to respond on or before August 26, 2005.

    5. On August 26, 2005, the government filed a second motion for extension of time to respond to the Motion.

    6. On August 29, 2005, this Court granted the motion and ordered the government to respond on or before September 26, 2005.

    7. On October 6, 2005, the government filed its response to the Motion. It

argued [that CAFRA] applied and Arevalo's Motion was barred by the five-year statute of limitations under the statute.

     8.  On January 19, 2006, this Court denied the Motion for Return of Seized Property and entered an Order dismissing the case.

     9.  On May 16, 2006, Arevalo appealed the January 19, 2006 Order.

     10.  On August 22, 2007, the Court of Appeals issued an Opinion and Order vacating this Court's January 19, 2006 Order and remanded the case for further proceedings.

     11.  On October 15, 2007, the Court of Appeals transmitted the record to this Court.

     12.  On December 20, 2007, the government filed a motion entitled "Motion for Extension of Time to File Response" in which it requested this Court to set a deadline for it to respond to the Motion following the remand.

     13.  On January 7, 2008, this Court granted the government's Motion and ordered the government to file an answer or other responsive pleading to the Motion on or before January 21, 2008.

     14.  On January 14, 2008, Arevalo filed a pleading entitled "Motion in Opposition to the Government's Motion for Extension of Time to File Response." On February 4, 2008, this Court entered an Order denying that Motion as moot.

     15.  On January 18, 2008, the government timely filed with this Court and served upon Arevalo its Answer to the Motion.  In its Answer, the government raised several affirmative defenses to the Motion and responded to the numbered

paragraphs of the Motion.

16. On April 3, 2008, Arevalo filed a Motion seeking to strike the government's Answer. On May 14, 2008, this Court entered an Order denying this Motion.

17. On April 21, 2008, Arevalo filed a Motion seeking an extension of time to identify items for discovery and for appointment of counsel. On April 22, 2008, the government filed its response to this Motion.

18. On April 28, 2008, this Court entered an Order denying Arevalo's request for appointment of counsel. This Court also directed the parties to complete fact discovery by June 30, 2008.

19. On June 23, 2008, Arevalo filed the present Motion for Summary Judgment. (Def.'s Resp. to Mot. for Summ. J. at 2-4.)

## III. STANDARD OF REVIEW

Summary judgment is proper and "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Hines v. Consol. Rail Corp., 926 F.2d 262, 267 (3d Cir. 1991). In the absence of any material factual disputes, summary judgment must be granted against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

On a motion for summary judgment, the moving party bears the initial burden of

identifying those portions of the record which it believes demonstrate the absence of material factual disputes.  Id. at 323.  The non-moving party must respond with facts of record that contradict the facts identified by the movant and may not rest on mere denials.  Id. at 321 n. 3.  Where cross-motions for summary judgment have been presented, the Court must consider each motion individually.  Reinert v. Giorgio Foods, Inc., 15 F. Supp. 2d 589, 593 (E.D. Pa. 1998).  Each side bears the burden of establishing a lack of genuine issues of material fact, and showing that it is entitled to judgment as a matter of law.  Id. at 593-94.  "[S]ummary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party[.]"  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## III.   DISCUSSION

The government submits that there are no material issues of fact in dispute and that only questions of law exist.  The government argues that the "only legal issue presented is whether Arevalo is entitled to judgment merely because he contends that - before this Court denied his Motion [for Return of Seized Property] and dismissed his case and before the Court of Appeals remanded the dismissal Order- the government responded to his Motion out of time."  (Def.'s Resp. to Mot. for Summ. J. at 6.)  As the government states in its response, Arevalo seems to be arguing that the government was required to raise all defenses and address all factual allegations of his Motion, as if it were answering a complaint in a civil action. (Def.'s Resp. to Mot. for Summ. J. at 7.)  This contention, however, has no merit.  As noted earlier, our Court of Appeals among other circuits have held that Rule 41(g) motions are to be treated as proceedings in equity.  Arevalo, 238 Fed. Appx at 869;  McGlory, 202 F.3d at 670;  see also U.S. v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008); U.S. v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003); U.S. v.

8

Geraldo, 45 F.3d 509, 511 (1st Cir. 1995); Weng v. U.S., 137 F.3d 709, 711 n.1 (2d Cir. 1998); U.S. v. Clark, 84 F.3d 378, 381 (10th Cir. 1996). Consequently, since a Rule 41(g) motion is to be treated as a civil complaint, it is governed by the Federal Rules of Civil Procedure. Ritchie, 342 F.3d at 906.

Here, under the Federal Rules, the government was not required to raise all its defenses and address all factual allegations as if it were answering a complaint when it was responding to the Rule 41(g) Motion, but rather it was entitled to first seek dismissal of Arevalo's Motion on jurisdictional grounds as it did. Nor was the government mandated to label its response as a Rule 12 motion to dismiss as Arevalo asserts.[6] Ritchie held that the district court properly considered the government's opposition to a Rule 41(g) motion as the equivalent of a 12(b)(6) motion to dismiss. Id. at 906. Likewise, in Ibrahim, the court again treated the government's opposition to a Rule 41(g) motion as the equivalent of a 12(b)(6) motion to dismiss even though it was not called such. 522 F.3d at 1007. In addition, in Vega v. United States, No. 00-8920, 2001 WL 823874, at *1 (S.D.N.Y. July 20, 2001), the government responded to the movant's Rule 41(g) motion by letter opposing the petitioner's request. The court held that "[B]ecause petitioner's filing must be construed as a complaint, the Court construes the Government's Letter as a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6)." Id . at 1. Thus, the government's response operated as a motion to dismiss, even if not labeled as such.

In this case, the government filed an Answer to Arevalo's Motion on October 6, 2005. In this Answer, the government exercised its right under the Federal Rules to first seek dismissal of

---

[6]Arevalo asserts that he is entitled to summary judgment because the government "failed to respond and thus defaulted, because it made no mention under [Rule] 12 in 2005: It already made its 'responsive pleading'." (Pl.'s Mot. For Summ. J. at 9.)

the Rule 41(g) Motion. The government entitled its answer, "Response of the United States of America In Opposition To Motion For Return of Seized Property Pursuant To Fed. R. Crim. P. 41(g)," and sought dismissal on the grounds that the Motion was time-barred under CAFRA. Accordingly, because the Federal Rules allow a party to challenge a Rule 41(g) Motion on statute of limitations grounds, the government's response to Arevalo's Rule 41 (g) Motion was proper.

Moreover, the government's response to the Rule 41(g) Motion was timely because the filing of this response postponed the time period within which a detailed answer raising all its defenses and addressing all factual allegations must be filed. In Mitchell v. KDJM-FM, No. 06-01578, 2007 WL 2572330, *5 (D. Colo., Sept.6, 2007), the court stated that a "rule 12 motion is not required or intended to be a paragraph-by-paragraph response to a complaint, admitting or denying the complaint's allegations. Indeed, the filing of such a motion, at the very least, clearly postpones the time for filing such a paragraph-by-paragraph response. See Fed. R. Civ. P. 12(a)(4).[7] A rule 12 motion, rather, is a procedural device to challenge the legal sufficiency of the complaint. Because the rule 12 motions have not been decided, the time has not arrived when the Defendants are required to admit or deny the allegations of the complaint." U.S. v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 153 (3d Cir. 2003). Thus, since the Federal Rules allowed the government to first challenge Arevalo's Rule 41(g) Motion on jurisdictional

---

[7] 12(a)(4)(A) states in relevant part:

    (4) **Effect of a Motion.** Unless the court sets a different time, serving a motion under this rule alters the periods as follows:
        (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action.

grounds, it did not waive any claim or defense that it had in later filing its responsive pleadings.

Arevalo also argues that he is entitled to summary judgment because the government failed to file its responsive pleadings within ten days after the Court of Appeal's decision in this case. (Pl. Mot. for Summ. J. at 7.) This claim is also without merit. Federal Rule of Civil Procedure 12(a)(4)(A)[8] does not require a response to be filed within ten days after a remand, but instead allows the Court to set its own time to respond. In addition, several courts have held that a party whose Motion to Dismiss has been denied should respond to the Complaint within a reasonable time after remand. Dudnikov v. Chalk & Vermilion Fine Arts, Inc., No. 05-2505, 2008 WL 821900 , at *1 (D. Colo., Mar. 24, 2008); Hill v. Blue Cross & Blue Shield of Mich., 237 F.R.D. 613, 617 (E.D. Mich. 2006); see also McCullough v. Federal Bureau of Prisons, No. 06-563 2007 WL 201179, at *2 (E.D. Ca. 2007).

Here, the government filed its response within the time set by this Court and within a reasonable time after remand. The docket indicates that on August 22, 2007, the Court of Appeals vacated this Court's January 19, 2006 Order and remanded the case back to this Court for further proceedings. On October 15, 2007, the Court of Appeals transmitted the record to this Court. On December 20, 2007, the government filed a Motion for Extension of Time to File Response in which it requested this Court to set a deadline for it to respond to Arevalo's original Rule 41(g) Motion following the remand. On January 7, 2008, this Court granted the Motion and ordered the government to file an answer or other responsive pleading to the Rule 41(g) Motion on or before January 21, 2008. On January 18, 2008, the government filed its Answer and raised several defenses. The government, thus, complied with this Court's Order by timely filing its

---

[8]See footnote 7.

Answer, and it properly preserved the issues in question for resolution in this case.

Arevalo lastly contends in his Summary Judgment Motion that the government's failure to file a timely response to the Rule 41(g) Motion is a default, entitling him to summary judgment. However, as discussed above, the government filed a timely response. Even, assuming arguendo, that the government's response was late, Arevalo would still not be entitled to summary judgment on the basis of a default. Default judgments against the United States are governed by Fed. R. Civ. P. 55(d). This rule provides:

> **Judgment Against the United States.** A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

Fed. R. Civ. P. 55(d).

This Rule is intended to prevent the entry of a default judgment against the United States for procedural flaws. Carroll v. Sec'y of Health, Educ. & Welfare, 470 F.2d 252, 256 (5th Cir. 1972). There are numerous cases which hold that under this Rule, judgment cannot be entered against the government based solely on its failure to comply with civil rules. In U.S. v. Zulli, 418 F. Supp. 252, 253 (E.D. Pa. 1976), the defendant's motion for a default judgment on his counterclaim was based on his argument that the government's response was filed beyond the 60 day requirement of Fed .R. Civ. P. 12(a). The court held that "[F]ailure of the government to respond within the 60 day rule does not constitute adequate evidence for entry of a default judgment against it." Id. In Greenbaum v. U.S., 360 F.Supp. 784, 789 (E.D. Pa. 1973), the plaintiff moved for an entry of default judgment against the government for failure to serve him with a timely answer to the amended complaint. The court stated that the entry of default is a

"drastic remedy which should be resorted to only in extreme circumstances." Id.  The court concluded that a "court may not enter a default judgment against the government merely for failure to file a timely response.  Id. at 789; see also U.S. v. Dill, 555 F. Supp. 2d 514 (E.D. Pa. 2008); Turner v. Reich, No. 93-3369, 1994 WL 709361, at *1-2 (E.D. Pa. Dec. 21, 1994). Although default has been granted in cases when the government disobeyed a direct court order, see, e.g., Alameda v. Sec'y of Health, Educ., and Welfare, 622 F.2d 1044 (1st Cir. 1980); Int'l Assoc. of Machinists & Aerospace Workers v. Nat'l Mediation Bd., 314 F. Supp. 229 (D. D.C. 1969), this was not the case here.  As already stated, this Court ordered the government to respond to the Rule 41(g) Motion on or before January 21, 2008, and the government timely filed its response on January 18, 2008.

    Lastly, and most significantly, Arevalo cannot establish under Rule 55(d) "a claim or right to relief by evidence that satisfies the court." Id.  Under this Rule, a movant must establish lawful entitlement to the property. Jackson v. U.S., 526 F.3d 394, 396 (8th Cir. 2008); U.S. v. Claymore, 245 F.3d 1195, 1202 (10th Cir. 2001).  A movant must show that he had a possessory interest in the property seized by the government, and he must have "clean hands." U.S. v. Howell, 425 F.3d 971, 974 (11th Cir. 2005); see also U.S. v. Rylee, No. 07-11461, 2008 WL 2405874, at*1 (11th Cir., June 16, 2008).

    In the instant case, as noted earlier, the currency ($459,370) that Arevalo seeks to be returned to him, was seized by U.S. Customs agents from George Early in connection with a large scale marijuana distribution and money laundering operation involving John Dugery. Arevalo and Dugery were prosecuted in the Middle District of Florida.  In February 2000, Arevalo was convicted of conspiracy to distribute and to possess with intent to distribute 1,000

kilograms of marijuana and conspiracy to commit money laundering, and he was sentenced to a term of 360 months imprisonment.  <u>U.S. v. Jose Louis Arevalo</u>, No. 99-CR-158-EAK-1 (M.D. Fla.).

Arevalo has presented no facts in his Motion which demonstrate that he has a possessory interest in the property at issue and whether he has "clean hands."  Instead, he challenges the forfeit on the basis of notice and on several technicalities in the pleadings.  It is, thus, clear that he cannot establish a "claim or right to relief by evidence that satisfies [this] court" entitling him to a default judgment under Rule 55.  Accordingly, for all of the above reasons, Arevalo's Motion for Summary Judgment is denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS AREVALO | : | MISCELLANEOUS |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 05-110 |

**O R D E R**

**AND NOW**, this 20th day of August, 2008, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 40), and the Government's Response thereto, it is hereby **ORDERED** that this motion is **DENIED.**

BY THE COURT:

/s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE