IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS AREVALO | : | MISCELLANEOUS |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 05-110 |

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 OCTOBER 7, 2008

      Presently before the Court is the Motion of Plaintiff Jose Luis Arevalo (Arevalo), asking that this Court consider his Reply to the government's Response in opposition to his Summary Judgment Motion. Because Arevalo's Motion asks us to reconsider our previous Order of August 20, 2008, denying his Motion for Summary Judgment, we construe the Motion as a Motion for Reconsideration. For the reasons set forth below, the Motion is denied.

**I.     FACTS**

      The underlying facts of Arevalo's claim have been set forth at length in <u>Arevalo v. U.S.</u>, 238 F. App'x. 869 (3d Cir. 2007), as well as in <u>Arevalo v. U.S.</u>, No. 05-110, 2008 WL 3874795 (E.D. Pa. Aug. 20, 2008). As such, we discuss only the facts and procedural history relevant to Arevalo's current Motion.

      On June 6, 2005, Arevalo filed a Motion for Return of Seized Property pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g) Motion"). The Motion claims an interest in $459,370 that was seized by U.S. Customs Agents in Philadelphia, Pennsylvania, in connection with an investigation of a large scale marijuana distribution and money laundering operation, involving Arevalo, and two other men by the names of John Dugery and George Early. On May 31, 2001,

the Customs Service administratively forfeited the seized currency, after it did not receive any claims for return following notice of the seizure in the Philadelphia Daily News.

In his Rule 41(g) Motion, Arevalo argued that the seizure was invalid because the U.S. Customs Service was aware of his interest at the time of the seizure, but failed to provide him notice of the forfeiture. We denied this Motion on January 19, 2006. Arevalo appealed the decision to the Third Circuit. On October 15, 2007, the Third Circuit vacated judgment and remanded the matter back to this Court for further proceedings. Arevalo, 238 Fed. App'x. 869 (3d Cir. 2007).

Following remand, on December 20, 2007, the government filed a Motion entitled "Motion for Extension of Time to File Response" in which it asked this Court to set a deadline for it to respond to Arevalo's Rule 41(g) Motion. On January 7, 2008, this Court granted the Motion and ordered the government to file an answer or responsive pleading by January 21, 2008. On January 14, 2008, Arevalo filed a pleading entitled "Motion in Opposition to the Government's Motion for Extension of Time to File Response." On February 4, 2008, this Court entered an Order denying Arevalo's Motion as moot. On January 18, 2008, the government timely filed its Answer to Arevalo's Rule 41(g) Motion. In its response, the government raised several affirmative defenses to the Motion. On April 3, 2008, Arevalo filed a Motion seeking to strike the government's Answer. On May 14, 2008, this Court entered an Order denying Arevalo's Motion to Strike. On April 21, 2008, Arevalo filed a Motion seeking an extension of time to identify items for discovery and for appointment of counsel. On April 22, 2008, the government filed its response to this Motion. On April 28, 2008, this Court entered an Order denying Arevalo's request for appointment of counsel. This Court also directed the parties to

complete fact discovery by June 30, 2008.  On June 23, 2008, Arevalo filed a Motion for Summary Judgment.  The government responded to Arevalo's Summary Judgment Motion on July 17, 2008.  Arevalo filed a Reply and Motion to Strike the government's Response on August 18, 2008.  We denied Arevalo's Motion for Summary Judgment on August 20, 2008.  On the same day, we issued an Order denying as moot Arevalo's Motion to Strike the government's response to his Summary Judgment Motion.  Arevalo now files a Motion asking this Court to consider his Reply.  In essence, this Motion contests this Court's Order of August 20, 2008, denying Arevalo's Motion for Summary Judgment and asks that this Court reconsider its decision, in light of Arevalo's Reply.  As such, we construe Arevalo's Motion as a Motion to Reconsider.

**II.    DISCUSSION**

A motion for reconsideration is appropriate only where: (1) there has been an intervening change in controlling law; (2) new evidence is available; or (3) there is need to correct a clear error of law or prevent manifest injustice.  <u>N. River Ins. Co. v. Cigna Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995).  However, "[b]ecause of the courts' interest in the finality of judgment, reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court." <u>Bhatnagar v. Surrendra Overseas Ltd.</u>, 52 F.3d 1220, 1231 (3d Cir. 1995); <u>Armstrong v. Reisman</u>, No. 99-4188, 2000 WL 288243, at *2 (E.D. Pa. Mar. 7, 2000).  Arevalo does not assert that there has been any new evidence or change in law since this Court's decision.  Furthermore, as we will explain here, Arevalo has not shown any clear error of law or manifest injustice, resulting from this Court's denial of his Summary Judgment Motion. Because Arevalo's Motion

does not satisfy any of the above requirements for a Motion to Reconsider, the Motion is denied.

Arevalo identifies eleven points, which form the basis of his Motion for Reconsideration. Initially, we note that the arguments presented in Items 4, 7, 9 and 11 are duplicative of those presented in Arevalo's Motion for Summary Judgment. Because we have already fully addressed these arguments in our Memorandum and Order of August 20, 2008, we will not discuss them again here. We address Arevalo's remaining contentions below.

First, Arevalo asserts that in denying his Motion for Summary Judgment, this Court failed to consider that the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") did not apply to his case. 18 U.S.C. § 983(e)(3). This assertion is irrelevant to this Court's denial of Arevalo's Motion for Summary Judgment. The fact that CAFRA does not apply to this action establishes only that the action is not time-barred. See 18 U.S.C. § 983(e)(3) (establishing five-year limitations period for CAFRA actions, as opposed to six-year limitations period applicable pre-CAFRA). It does not entitle Arevalo to an entry of Summary Judgment. As such, there has been no clear error or manifest injustice with respect to Item 1.

Next, in Items 2 and 3, Arevalo asserts that this Court did not address the fact that the government did not request an extension of time to respond to the Summary Judgment Motion until after the deadline had passed, and further, did not provide him an opportunity to oppose the government's request for an extension of time. However, the decision to grant or deny a request for an extension of time is in the discretion of the Court. See Fed. R. Civ. P. 6(b). Here, the government presented good cause for the extension, and this Court, in its discretion, granted the request. The Court need not wait for the opposing party to respond to the request before making its decision. Thus, the Court will not reconsider its prior finding on these bases.

In Item 5, Arevalo argues that this Court has improperly placed the burden on him to prove entitlement to the property when the government has failed to assert lack of entitlement to the seized funds. This contention is without merit. First, the government has consistently challenged Arevalo's Motion for Return of Seized Property since the initiation of this action. The government has filed responses in opposition to every substantive Motion that Arevalo has filed. Under these circumstances, it cannot be said that the government has not alleged that Arevalo is not entitled to the property. In fact, that is exactly what the government has been alleging since Arevalo filed his Motion to Return. Furthermore, this Court's Memorandum and Order of August 20, 2008, held only that Arevalo was not entitled to Summary Judgment on the basis of those arguments presented in his Motion. This Court made no determination as to the propriety of Arevalo's Rule 41(g) Motion.

Next, Arevalo claims, in Item 6, that he need not affirmatively show "clean hands" in order for this Court to grant him return of the seized funds. This argument is also without merit. A Motion for Return of Seized Property under Rule 41(g) is construed as an action in equity. U.S. v. Parlavecchio, 192 F. Supp. 2d 349, 351 (M.D. Pa. 2002). Numerous cases in this Circuit have held that a litigant seeking relief in equity, must come to court with clean hands. See In re Orthopedic Bone Screw Prod. Liab., 246 F.3d 315, 329 (3d Cir. 2001); Gaudiosi v. Mellon, 269 F.2d 873, 881-82 (3d Cir. 1959); Parlavecchio, 192 F. Supp. 2d at 352. As such, Arevalo is subject to the clean hands doctrine. Furthermore, the government was not required, as Arevalo contends, to raise the issue of unclean hands. Gaudiosi, 269 F.2d at 881. Rather, the court may raise the issue on its own. Id. Thus, Arevalo has neither demonstrated that the Court erred, nor that he has suffered manifest injustice on this basis.

In Item 8, Arevalo asserts that this Court intends to find that the seized property belonged to John Dugery and George Early, despite the fact that the government has made no such assertion. However, this Court has never addressed the question of whether Dugery or Early had an interest in the seized currency. Furthermore, the issue is moot, as both men voluntarily abandoned their claims to the property.

Finally, Arevalo argues, in Item 11, that this Court erred in denying his Motion to Strike the government's Response to his Summary Judgment Motion as moot. He contends that this Court would have granted him Summary Judgment if it had considered his Reply to the government's Response. However, this Court took Arevalo's Reply into consideration in initially denying his Motion for Summary Judgment. Arevalo's Motion to Strike the government's Response became moot once this Court denied the Motion for Summary Judgment. We will not reconsider our prior decision on this basis.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE LUIS AREVALO | : | MISCELLANEOUS |
| | : | |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 05-110 |

**O R D E R**

AND NOW, this 7th day of October, 2008, it is hereby **ORDERED** that Plaintiff Jose Luis Arevalo's "Motion for the Court to Consider Arevalo's Reply to the Respondent's 'Response of U.S. In Opposition to Motion for Summary Judgment' to His Summary Judgment Motion'" (Doc. No. 62), is hereby **DENIED**.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT  F. KELLY
SENIOR  JUDGE